**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMGEN INC.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SANDOZ INC., et al.,<br><br>            Defendants. | **Civil Action No. 18-11026 (MAS) (DEA)**<br><br>**Member Cases:**   18-11156;  18-11157; 18-11213;  18-11216;  18-11219;  18-11262; 18-11265; 18-11267; 18-11269; 18-11545<br><br>**PRETRIAL ORDER** |

**THIS MATTER** comes before the Court upon review of the docket. As set forth in the September 17, 2020 Scheduling Order, a trial in this matter is currently scheduled for June 14, 2021.  (Sept. 17 Order, ECF No. 296.)  The Hatch-Waxman stay expires on September 21, 2021. (*See* ECF No. 41.)  A telephone status conference in this matter is scheduled before the Honorable Douglas E. Arpert on March 16, 2021 and a final pretrial conference is scheduled before Judge Arpert on May 19, 2021.  (ECF No. 322.)  After careful consideration of the docket, based on its inherent authority to control the matters on its docket, and for good cause shown,

**IT IS** on this ___ day of February 2021, **ORDERED** that:

1.      The Court has set aside ten (10) days for the trial of this matter (June 14-18 and June 21-25, 2021).  If the parties seek to request additional trial days, they must e-file a joint request by **March 12, 2021**.  The joint request must include proposed additional trial days <u>prior to</u> June 14, 2021.[1]

2.      The Court shall not entertain summary judgment motions.[2]

---

[1] Unless the parties submit a proposed consent order to extend the Hatch-Waxman stay, the provisions and deadlines set forth in this Pretrial Order are firm.

[2] There is insufficient time for the parties to brief, and for the Court to consider and decide, summary judgment motions prior to a June 14, 2021 trial date.

3.      The above-captioned matters are currently consolidated for pre-trial purposes. (ECF No. 30.)   By **March 12, 2021**, the parties shall e-file correspondence regarding whether the above-captioned matters shall be consolidated for all purposes, including trial.

4.      Due to COVID-19, the Court must determine the appropriate trial format.[3]  By **March 12, 2021**, the parties must e-file a joint list of anticipated witnesses.[4]  For each witness, the list must contain: (1) his/her name; (2) his/her state/country of residence; (3) anticipated length of testimony; (4) any anticipated travel issues if the Court conducts an in-person bench trial; (5) any other issues or concerns regarding the witness that the parties would like to bring to the Court's attention.

5.      The parties shall adhere to the following *in limine* motion schedule:

   A.      *In limine* moving briefs shall be filed by **May 4, 2021**.

   B.      Opposition briefs shall be filed by **May 14, 2021**.

   C.      No reply briefs shall be filed.

6.      If the Court schedules a remote bench trial or a hybrid (in-person/remote) bench trial, by **May 14, 2021**, counsel shall e-file a joint proposal for a neutral third-party host to facilitate trial proceedings via an online platform.  All costs associated with these services will be shared evenly by the parties.[5]

---

[3] Please Note:  The trial format may be impacted by the version of the District of New Jersey's COVID-19 Standing Order that is in effect at the time of the trial.

[4] The Court understands that the list may be tentative as of the submission date.

[5] If the Court schedules a remote bench trial or a hybrid bench trial, the Court will also issue a separate Remote Trial Protocol Order.

7.      If the Court schedules an in-person bench trial or a hybrid (in-person/remote) bench trial, by **May 24, 2021**, counsel shall e-file correspondence that indicates:

    A.      Whether or not they require the use of any of the Court's audio, visual, or other equipment; and

    B.      Whether counsel intend to bring their own audio, visual, or other equipment.

8.      By **May 28, 2021**, counsel must submit a **Joint Exhibit List and Two (2) Bench Books.**  (Except for the exhibits that are solely for impeachment purposes, only the exhibits included on the joint exhibit list may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth or it shall be deemed waived. All parties agree that it will not be necessary to bring in the custodian of any exhibit as to which no objection is made.)

9.      By **June 1, 2021**, each party shall electronically file a preliminary trial brief in accordance with Local Civil Rule 7.2(b), with citations to authorities and arguments in support of its position on all disputed issues of law.

10.     By **June 1, 2021**, counsel shall e-file a joint proposed trial schedule,[6] that includes:

    A.      The witnesses scheduled to testify on each day of trial, and

    B.      The anticipated length of testimony for each witness.

11.     The Court will conduct a pretrial telephone status conference on **June 4, 2021** at **2:30 p.m.**  Counsel for Plaintiff shall provide dial-in information for the call by **June 2, 2021**.

12.     The trial will commence on **June 14, 2021** at **9:30 a.m.**

---

[6] The Court expects a firm trial schedule at this point.

13.     For each day of trial, the Court will provide one morning and one afternoon break

        of approximately 10-15 minutes each and a 30-minute lunch break (depending on

        the number and anticipated testimony length of the witnesses scheduled to testify

        for each day).

14.     The parties shall move exhibits into evidence following the testimony of each

        witness.

15.     By **July 8, 2021**, each party must electronically file: (1) a post-trial brief;

        (2) proposed Findings of Fact; and (3) proposed Conclusions of Law.

16.     Closing arguments are scheduled for **July 15, 2021 at 10:00 a.m.**


                                        _____
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**