

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

April 22, 2021

**VIA ECF**

Honorable Douglas E. Arpert, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        **Re:**    *Amgen Inc. v. Sandoz Inc., et al.*,
                 **Civil Action No. 18-11026 (MAS) (DEA)**

Dear Judge Arpert:

      We, along with Covington & Burling LLP and Sidley Austin LLP, represent Plaintiff Amgen Inc. ("Amgen") in the above-referenced matter. We write in response to Defendants'[1] letter from yesterday requesting a formal briefing schedule and hearing date for Defendants' motion to strike the rebuttal expert report of Amgen's expert Dr. Ronald A. Thisted in its entirety, as well as portions of the rebuttal expert report of Dr. Andrew F. Alexis that rely on Dr. Thisted's report, based on what Defendants claim is a "discovery dispute." Defendants' request is untimely and is related to an evidentiary issue more appropriate for resolution as a motion *in limine*, which, as such, is due on May 4, 2021. Thus, Amgen respectfully requests that the Court decline to entertain Defendants' request.

        **I.**    **Timing**

      The Pretrial Scheduling Order (ECF No. 296) directed that expert reports be served on November 24, 2020, rebuttal expert reports be served on February 3, 2021 (ECF No. 296 amended by ECF No. 321), and expert discovery would close on March 12, 2021. Yet now, despite rebuttal expert reports being served 78 days ago, expert discovery closing 41 days ago, and only 53 days to trial, Defendants request leave to file yet another motion to strike. At this stage, the parties are focusing on the Pretrial Order and trial. The time to address any alleged "discovery disputes" concerning expert reports has long past. In contrast, as Your Honor may recall, Amgen filed a motion to strike the rebuttal expert report of Defendant Pharmascience's expert, Dr. Samuel Hwang, on February 23, 2021, which was just 20 days after Amgen received the report and well before the close of expert discovery. Importantly, Defendants received Dr. Thisted's and Dr. Alexis's rebuttal reports that are the subject of Defendants' newest request on the same day that Amgen received Dr. Hwang's report and, therefore, could have and should have been equally diligent. Defendants' delay is undue and prejudicial and its request should be denied.

---

[1] *See* ECF No. 345, n. 1.

GIBBONS P.C.

Honorable Douglas E. Arpert, U.S.M.J.
April 22, 2021
Page 2

Furthermore, as Your Honor is aware, two of the Defendants (Alkem and Torrent) sought leave to file a motion to strike, which was granted and the motion fully briefed. Now those Defendants, with others, seek to file another motion to strike to distract Amgen leading up to trial. Allowing Defendants to engage in this type of eleventh-hour gamesmanship will likely lead to the manufacture of further "discovery disputes" and motions to strike by Defendants. In short, Defendants' request should be denied as untimely because expert discovery closed well over a month ago, this motion could have been raised earlier, and Amgen should not be subject to serial motions to strike.

## II. A Motion In Limine Is More Appropriate

Defendants couch the basis of their request as a "discovery dispute." They further state in broad generalities that the reports are "untimely and not proper rebuttals." First, the reports in question were served by the deadlines set forth in the Scheduling Order. Second, if Defendants think that the reports are not proper rebuttals, then that is an evidentiary issue more appropriate for a motion *in limine*. Indeed, Defendants listed on their "Contemplated Motions" portion of the draft Pre-Trial Order a motion *in limine* to preclude Dr. Thisted from testifying. Defendants should not be allowed to use an alleged "discovery dispute" to file two separate motions seeking to preclude Amgen from presenting certain evidence and testimony at trial. Such duplicative motion practice places an unnecessary burden on this Court and is a waste of the Court's time and resources.

For the reasons stated above, Amgen respectfully requests that the Court decline to entertain Defendants' request to brief this issue. Should the Court wish to discuss this matter further, we will make ourselves available at the Court's convenience.

Respectfully submitted,

s/ Charles H. Chevalier
Charles H. Chevalier

cc: all counsel of record (via ECF and email)