

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

WRITER'S DIRECT DIAL: (609) 734-6358

June 28, 2021

**VIA ECF**

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

>  RE:   *Amgen, Inc. v. Sandoz Inc., et al.*
>          Civil Action No. 18-11026 (MAS)(DEA) (consolidated)

Dear Judge Shipp:

     We represent Defendants Sandoz Inc. in the above referenced matter.  On behalf of Defendants, please accept this letter in response to the June 27, 2021 post-trial request of Amgen, Inc. ("Amgen") (D.E. 453).

     Amgen has asked the Court to compel Defendants to foreshadow its post-trial submissions by disclosing in advance the invalidity arguments, references and combinations upon which Defendants intend to rely in their post-trial brief, claiming that they would otherwise lack a fair opportunity to address them in its own post-trial submissions.  The entire premise of Amgen's request lacks merit.  Defendants have provided this information to Plaintiffs repeatedly:  (1) through the invalidity contention provisions of the District of New Jersey's Local Patent Rule 3; (2) during expert discovery, through robust expert reports and depositions; and (3) at trial through the testimony of Defendants' witnesses and the evidence admitted by the Court into the record.  Defendants' demonstrative exhibits DDX-2 (which, at DDX2-40 and DDX2-46, sets forth Defendants' obviousness combinations for the '638 patent and stereomerically pure limitations in the '536 patent) and DDX-3 (which, at DDX3-33, sets forth Defendants' obviousness combinations for the method of treatment limitations in the '536 patent) are particularly descriptive of our position.

     Plaintiff's submission proves that they are fully aware of the evidence – with specificity – by patent and by defense, because Ms. Hanson's June 26 email to defendants lists it.  (D.E. 453, Exh. A).  What Amgen is really asking for is a preview of the arguments that Defendants intend to make from the evidence.  This is unprecedented.  The Local Patent rules have no requirement for a post-trial submission with respect to the arguments that Defendants intend to advance as a result of the evidence adduced at trial.  The Final Pretrial Order is also silent as to this requirement.

     Defendants will be submitting detailed Findings of Fact in which we ask the Court to assign weight to the invalidity evidence, and Conclusions of Law in which we ask the Court to ascribe a legal effect to those facts.  We will also be submitting a post-trial brief to persuade the Court to adopt Defendants' views.  Plaintiffs will be doing the exact same thing.  Defendants are not asking Plaintiffs to foreshadow their positions, even those on which it bears the burden of proof.  To the extent any party is

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

uncertain – at this late date – how to address evidence of invalidity, they will be able to do so during closing arguments.

      We thank the Court for its attention to this matter.

                                  Respectfully submitted,

                                  <u>/s/Eric I. Abraham</u>
                                  ERIC I. ABRAHAM

cc:      Counsel of Record via ECF